UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-0391JLR |
| Plaintiff, | ORDER |
| v. | |
| WEST SEATTLE TOBACCO COMPANY, et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") second motion for an extension of time to perfect service on Defendants West Seattle Tobacco Company LLC ("WSTC") and Mamadou Sarr (together, "Defendants"). (Mot. (Dkt. # 10); *see* 6/15/23 Order (Dkt. # 9) (finding that GS Holistic had not demonstrated good cause for its failure to serve Defendants before the 90-day deadline set forth in Federal Rule of Civil Procedure 4(m) but nevertheless granting a 60-day extension of the service deadline).) The court GRANTS in part GS Holistic's motion.

ORDER - 1

Federal Rule of Civil Procedure 4 requires a plaintiff to serve the defendant with a summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

GS Holistic filed this action on March 16, 2023. (Compl. (Dkt. # 1).) As a result, Rule 4(m)'s 90-day deadline for effectuating service of process expired on June 14, 2023. Fed. R. Civ. P. 4(m). On June 15, 2023, the court granted GS Holistic's first motion for a 60-day extension of the deadline to serve Defendants, despite finding that GS Holistic had not demonstrated good cause for its failure to effectuate service before the Rule 4(m) deadline. (6/15/23 Order at 2-3.) The court ordered GS Holistic to file proof of service on Defendants by no later than August 13, 2023, and warned GS Holistic that (1) failure to do so could result in dismissal without prejudice of its claims against Defendants and (2) further extensions of the deadline to serve Defendants would not be granted absent exceptional circumstances. (*Id.* at 2-3.)

Despite the 60-day extension of the Rule 4(m) deadline, GS Holistic has not yet served either Defendant. (*See* Mot.). GS Holistic represents that it attempted to serve Defendants 15 times but was unsuccessful. (*Id.* ¶ 3.) It does not, however, provide a declaration of non-service to substantiate this representation. (*See id.*) GS Holistic also

ORDER - 2

states that its process server "attempted to perform substitute service upon an employee" but that employee refused to provide his name or position and would not tell the process server when the store manager would be available. (*Id.* ¶ 4.) GS Holistic further asserts that its process server performed a skip trace on Mr. Sarr, confirmed Mr. Sarr's residential address, and attempted service there "several times." (*Id.* ¶ 5.) Mr. Sarr did not answer when the process server attempted to call him on his building's directory box. (*Id.*) In addition, when GS Holistic's "corporate staff" attempted to call Mr. Sarr, he hung up on the caller. (*Id.* ¶ 6.) GS Holistic now asks the court to extend the Rule 4(m) deadline by an additional 60 days to allow it to perfect service on Defendants "either personally or by publication." (*Id.* ¶ 8.)

The court has reviewed the materials that GS Holistic filed in support of its second motion for an extension of time to perfect service and concludes that GS Holistic has not established exceptional circumstances, let alone good cause, that would justify a further extension of time. (*See* 6/15/23 Order); Fed. R. Civ. P. 4(m). In particular, the court notes that GS Holistic has not provided any substantiation of its efforts to serve Defendants, such as declarations of non-service. (*See generally* Mot.) This lack of substantiation prevents the court from evaluating the efforts GS Holistic has made to serve Defendants since the court issued its June 15, 2023 order. Nevertheless, the court will GRANT in part GS Holistic's motion (Dkt. # 10) and extend the deadline for GS Holistic to perfect service on Defendants for an additional **30** days. GS Holistic shall file proof of service on Defendants by no later than **September 12, 2023**. This order does not grant GS Holistic leave to serve Defendants by publication or by any other means.

Failure to timely file proof of service will result in the dismissal without prejudice of GS Holistic's claims against Defendants. No further extensions of the deadline to serve Defendants will be granted.

Dated this 17th day of August, 2023.

JAMES L. ROBART
United States District Judge